818 F.2d 31
 107 Lab.Cas. P 10,095
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
WATSON-RUMMELL ELECTRIC COMPANY, Respondent.
 No. 86-5247.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1987.
 
 JUDGMENT
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Watson-Rummell Electric Co., Lexington, Kentucky, its officers, agents, successors, and assigns on 31 December 1985. The Court heard argument of respective counsel on 12 February 1987, and has considered the briefs and transcript of record filed in this cause. On 1 April 1987, the Court, being fully advised of the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order and remanding the case to the Board for additional proceedings as outlined in the Court's opinion. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Watson-Rummell Electric Co., Lexington, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist ,from
 
 3
 (a) Refusing to accept, give effect to, and implement the terms and conditions of the collective bargaining agreement between the International Brotherhood of Electrical Workers, Local Union No. 183, and the Central Kentucky Chapter, National Electrical Contractors Associations (NECA), effective 1 June 1981 through 31 May 1982, but only for that period.
 
 
 4
 (b) Failing or refusing to make payments to the pension, vacation and health and welfare trust funds as required by the aforementioned collective bargaining agreement, for the period 1 June 1981 through 31 May 1982, and only for that period.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act), for the period 1 June 1981 through 31 May 1982.
 
 
 6
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 7
 (a) Give retroactive effect, for the period 1 June 1981 through 31 May 1982, but only for that period, to all the terms and conditions of the aforementioned collective bargaining agreement.
 
 
 8
 (b) Make whole its bargaining unit employees for any loss of pay and benefits they suffered by reason of the Respondent's refusal to abide by and give effect to the collective bargaining agreement, determined to be in effect for the period 1 June 1981 through 31 May 1982, but only for that period. The Respondent will make the aforementioned bargaining unit employees whole for the period 1 June 1981 through 31 May 1982, in the manner set forth in the remedy section of the Adminstrative Law Judge's decision for the period 1 June 1981 to May 1982, but only for that period. No part of the Judgment herein shall be construed as forcing or requiring the Respondent to subtract or withdraw any benefits heretofore granted to unit employees on or after 1 June 1981.
 
 
 9
 (c) Pay to the pension, vacation and health and welfare trust funds denominated in the collective bargaining agreement determined to be in effect for the period 1 June 1981 through 31 May 1982, the contributions required by the collective bargaining agreement to the extent that the aforementioned bargaining unit employees were not otherwise made whole for their ensuing medical and other expenses for the period 1 June 1981 through 31 May 1982, but only for that period.
 
 
 10
 (d) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports and all other records necessary to analyze the amount of backpay and other benefits due under the terms of this Judgment.
 
 
 11
 (e) Post at its Lexington, Kentucky, facility, copies of the attached notice marked "Appendix." Copies of said notice, after being duly signed by the Respondent's representative, shall be posted by the Respondent immediately upon receipt thereof, and be maintained by it for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that said notices are not altered, defaced, or covered by any other materials.
 
 
 12
 (f) Notify the Regional Director for Region 9 of the Board (Cincinnati, Ohio), in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 APPEALS ENFORCING IN PART, DENYING IN PART AND
 REMANDING IN PART AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that Watson-Rummell Electric Company violated the National Labor Relations Act during the period 1 June 1981 through 31 May 1982, but only for that period, and has ordered us to post and abide by this notice.
 
 
 15
 WE WILL NOT fail or refuse to make payments to the Union's pension, vacation and health and welfare trust funds as required by the collective bargaining agreement, between the International Brotherhood of Electrical Workers, Local No. 183 and the Central Kentucky Chapter, National Electrical Contractors Association, for the period 1 June 1981 through 31 May 1982, but only for that period, to the extent that our bargaining unit employees were not otherwise made whole for their ensuing medical and other expenses.
 
 
 16
 WE WILL make whole any and all bargaining unit employees hired on or after 1 June 1981, with interest, for any actual loss of pay or benefits suffered by them because of our failure to apply the terms of the 1 June 1981 through 31 May 1982 collective bargaining agreement for the period 1 June 1981 through 31 May 1982, but only for that period. Nothing herein shall be construed as forcing or requiring us to subtract or withdraw any benefits heretofore granted our bargaining unit employees on or since 1 June 1981 or to continue terms and conditions of employment that did not survive the termination of the contract on 31 May 1982.
 
 
 17
 WE WILL pay to the union's pension, vacation and health and welfare trust funds, denominated in the collective bargaining agreement which was effective 1 June 1981 through 31 May 1982, but only for that period, those contributions required by the collective bargaining agreement to the extent that the bargaining unit employees were not otherwise made whole for their ensuing medical and other expenses.
 
 
 18
 WATSON-RUMMELL ELECTRIC CO.
 
 
 19
 (Employer)
 
 Date
 By (Representative)
 
 20
 (Title)
 
 
 21
 This is an official notice and must not be defaced by anyone.
 
 
 22
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Federal Office Building, Room 3003, 550 Main Street, Cincinnati, Ohio, 45202, Telephone 513-684-3663.